UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 1:18-cv-22332-JEM

LUIS GONZALEZ, and all others similarly
Situated under 29 U.S.C.216(b)

    Plaintiff,

v.

J&P TILES INC., JUAN F. GRONLIER,
LUIS GRONLIER

    Defendants.
_____/

## DEFENDANTS JUAN F. GRONLIER AND LUIS GRONLIER'S ANSWER AND AFFIRMATIVE DEFENSES, DEFENDANT J&P TILES INC.'S, AMENDED ANSWER AND AFFIRMATIVE DEFENSES, TO PLAINTIFFS COMPLAINT

Defendant, J&P Tiles, by and through its undersigned counsel, hereby files its Amended Answer and Affirmative Defenses to Plaintiffs' Complaint [DE #1], and Defendants Juan F. Gronlier and Luis Gronlier's Answer and Affirmative Defenses to Plaintiff's Complaint [DE #1], as follows:

1. Admitted that the Complaint alleges a cause of action under the Fair Labor Standards Act 29 U.S.C. §§201-216. Denied a cause of action exists.

2. Defendants are without knowledge as to the truthfulness or accuracy of the allegation contained in this Paragraph but presumes it to be true for venue purposes only.

3. Admitted that the entity Defendant is a corporation that regularly transacts business within Miami-Dade County. All other allegations of this paragraph are expressly denied.

4. Denied

5. Denied.

1

6. Admitted for venue purposes only, denied for any other purpose.

## COUNT ONE FEDERAL OVERTIME VIOLATION

7. Admitted that the Complaint alleges violation of a United States Code. Admitted that the Complaint attempts to allege a collective action under 29 U.S.C. §216(b). Denied that the requisites for a collective action have been met. Denied that there are other similarly situated employees.

8. Admitted that if a cause of action exists under the FLSA then this Court is vested with Jurisdiction. Denied that a cause of action exists, under the FLSA.

9. This Paragraph does not contain a factual allegation to which a response is required. The referenced statute speaks for itself.

10. Admitted.

11. Admitted

12. Admitted

13. Admitted

14. Admitted

15. Denied

16. Denied

17. Denied

18. Denied

19. Denied

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims are barred to the extent that he did not actually work the hours he is alleging he is owed payment for.

### Second Affirmative Defense

Plaintiff's damages are barred by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. §260, because the acts or omissions complained of, in any occurred, were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

### Third Affirmative Defense

Plaintiff's claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. §254, as to all hours during which he engaged in certain activities that were preliminary or postliminary to his principal activities.

### Fourth Affirmative Defense

Plaintiff's damages are barred or limited by the de minimus doctrine, 29 C.F.R. §785.47. *See, Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 692 (1946); *Lewis v. Keiser Sch., Inc.*, 2012 U.S. Dist. LEXIS 147150, 2012 WL 4854724, 6 (S.D. Fla. Oct. 12, 2012).

### Fifth Affirmative Defense

Plaintiff fails to state a claim for liquidated damages because the allegations do not rise to the requisite standard required for liquidated damages under the FLSA. Defendants' actions were in good faith and they had reasonable grounds for believing that they were in compliance with the FLSA.

**Sixth Affirmative Defense**

Plaintiff is not entitled to damages for hours not actually worked during any workweek.

**Seventh Affirmative Defense**

Plaintiff has not met all of the requirements to bring a collective action under the FLSA.

**Eighth Affirmative Defense**

To the extent the entity Defendant is found not to be liable, Juan F. Gronlier and Luis Gronlier's are also not liable for any violations of the FLSA because any claim against her would only be a derivative of the claim against the entity Defendant. See, e.g., *Casseus v. First Eagle, LLC*, 2008 U.S. Dist. LEXIS 32249 (S.D. Fla. April 16, 2008).

## RESERVATION OF AFFIRMATIVE DEFENSES

Defendant reserves the right to allege any further affirmative defenses as discovery proceeds.

WHEREFORE; Defendant, having fully answered the Complaint and having raised legal defenses thereto, requests judgment in its favor in its entirety and that the Defendant be awarded costs, including reasonable attorneys' fees.

## JURY DEMAND

Defendant hereby request trial by jury on all issues so triable.

Dated, this 13th day of July, 2018.

LUBELL & ROSEN, LLC

*Attorneys for Defendants*
200 S. Andrews Ave, Suite 900
Fort Lauderdale, Florida 33301
Phone: (954) 880-9500
Fax: (954) 755-2993
E-mail:   jhs@lubellrosen.com

By: *s/Joshua H. Sheskin*
     Joshua H. Sheskin, Esquire

Florida Bar No. 93028

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 13, 2018, I electronically filed the foregoing document with the clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Joshua H. Sheskin*
Joshua H. Sheskin

## SERVICE LIST

*Luis Gonzalez, v. J&P Tiles Inc., et al*
Case No.: 1:18-cv-22332-JEM

| | |
|---|---|
| J.H. Zidell, Esq. | Adi Amit, Esquire |
| J.H. Zidell, P.A. | LUBELL & ROSEN, LLC |
| 300 71st Street, | 200 S. Andrews Avenue, |
| Suite 605, | Suite 900, |
| Miami Beach, Florida 33141 | Fort Lauderdale, Florida 33301 |
| zabogado@aol.com | adi@lubellrosen.com |
| *Counsel for Plaintiff* | *Counsel for Defendants* |

5